UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

Sanford Margolis,

    Plaintiff,

vs.                                           Case No.  2:05-cv-583-FtM-29DNF

Rick Harry,  Lucy D. Hadi, Herbert
T. Caskey, James V. Crosby,

    Defendants.
_____

## ORDER

This matter comes before the Court on Plaintiff's Motion for a Preliminary Injunction (Doc. #2).  Plaintiff, who is involuntarily civilly confined at the Florida Civil Commitment Center ("FCCC"), proceeding *pro se,* filed a civil rights complaint pursuant to 42 U.S.C. §1983 (Doc. #1).  In his Complaint, Plaintiff alleges criminal conspiracy claims between the Defendants, as well as Eighth Amendment violations stemming from a "critical staff shortage" at the FCCC. Complaint, page 6.  Plaintiff, in the Motion *sub judice,* seeks a preliminary injunction enjoining the Defendants from implementing and/or enforcing any of the administrative rules, regulations and policies that govern the day to day operations at the FCCC, and in particular govern the residents assigned to the Therapeutic Care Unit. Motion, page 16.

As noted by the Eleventh Circuit, the issuance of a "preliminary injunction is an extraordinary and drastic remedy that should be not be granted unless the movant clearly carries the burden of persuasion

on each of [four] prerequisites." Suntrust Bank v. Houghton Mifflin Co., 252 F.3d 1165, 1166 (11th Cir. 2001), reh'g & reh'g en banc denied, 275 F.3d 58; see also Four Seasons Hotels & Resorts, B.V. v. Consoricio Barr, S.A., 320 F.3d 1205, 1210 (11th Cir. 2003). The four factors Plaintiff must establish are: (i) the likelihood that the moving party will ultimately prevail on the merits of the claim; (ii) the irreparable nature of the threatened injury if the injunction is not granted; (iii) the injury outweighs the opposing parties' potential injury if relief is not granted; and (iv) the injunction would not do disservice to the public interest. Four Seasons Hotels & Resorts 320 F.3d at 1210; Suntrust Bank 252 F.3d at 1166; American Red Cross v. Palm Beach Blood Bank, Inc., 143 F.3d 1407, 1410 (11th Cir. 1998); See also Local Rule 4.05(b)(4).

The Court finds that Plaintiff has failed to meet his burden. Although Plaintiff has presented a discussion of the likeliness of his success on the merits, Plaintiff has wholly failed to address the questions of irreparable harm, balancing of inequities and whether the issuance of such an injunction would be in the public's best interests. Plaintiff's failure to address these other factors is fatal to his request for preliminary injunctive relief. Wall v. Ferrero, 142 Fed. Appx. 405 (11th Cir. 2005). Additionally, the Court finds plaintiff has not established a substantial likelihood of success as to the remedy he requests.

ACCORDINGLY, it is hereby

**ORDERED:**

1.  Plaintiff's Motion for Preliminary Injunction (Doc. #2) is **DENIED**.

**DONE AND ORDERED** in Fort Myers, Florida, on this __13th__ day of February, 2006.

*[signature: John E. Steele]*

JOHN E. STEELE
United States District Judge

SA:   hmk
Copies: All Parties of Record